Michael Zoldan; AZ Bar No. 028128
Amanda Kuklinski; AZ Bar No. 035676
**ZOLDAN LAW GROUP, PLLC**
5050 North 40th Street, Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
akuklinski@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kathryn Adolf**; a Hawaii resident;<br><br>Plaintiff,<br><br>v.<br><br>**Troon Golf, LLC,** a Delaware Limited Liability Company; and **Troon North Golf Club, LLC**, a Delaware Limited Liability Company,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Kathryn Adolf ("**Adolf**"), for her complaint against Defendants Troon Golf, LLC ("**Troon Golf**") and Troon North Golf Club, LLC ("**Troon North**") hereby alleges as follows:

**PARTIES**

1. Plaintiff is a resident of Hawaii.

2. Upon information and belief, Troon Golf, LLC is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

3. Upon information and belief, Troon Golf, LLC is registered to conduct business and is currently doing business in the State of Arizona.

4. Upon information and belief, Troon North Golf Club, LLC is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

5. Upon information and belief, Troon North Golf Club, LLC is registered to conduct business and is currently doing business in Arizona.

**JURISDICTION AND VENUE**

6. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Family and Medical Leave Act ("**FMLA**"), 29 U.S.C. § 2601, *et seq*.

7. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

8. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

9. Upon information and belief, Troon North and Troon Golf (hereinafter, collectively "**Troon**") form a single integrated employer for purposes of the FMLA.

10. Plaintiff was, at all relevant times, an employee of Troon.

11. Upon information and belief, Plaintiff was an "eligible employee" within the meaning of the FMLA and/or would have been an "eligible employee" at the time of her anticipated FMLA leave.

12. At all relevant times, Troon has continuously been an employer within the meaning of the FMLA.

13. Personal jurisdiction in this Court is proper.

14. Venue in this Court is proper.

**FACTUAL ALLEGATIONS**

15. Plaintiff commenced employment with Troon on or about November 9, 2018 as a Beverage Cart Attendant at Troon's Kapalua Golf Course in Maui, Hawaii.

16. In October 2019, Plaintiff was pregnant and due to give birth in April 2020.

17. In October 2019, Plaintiff decided to transfer to Troon North, Troon Golf's flagship location in Scottsdale, Arizona.

18. Plaintiff spoke with her immediate supervisor at Troon Kapalua, Assistant Golf Professional Mike Gilligan ("Gilligan") regarding this transfer.

19. Plaintiff and Gilligan discussed that she would like to transfer to a full-time position within the Troon organization in order to be eligible for FMLA leave upon the birth of her child.

20. Upon information and belief, Gilligan contacted the Director of Golf at Troon North, Sam Brookman ("Brookman"), to put her transfer into effect.

21. On October 25, 2019, Plaintiff spoke with Brookman on the phone to discuss her transfer to Troon North.

22. In their October 25, 2019 phone call, Brookman told Plaintiff that she could work part-time in the pro shop until a full-time position became available, but that she could supplement her part-time pro shop hours with intermittent shifts in the food and beverage department and guest services in order to maintain full-time benefits.

23. Brookman assured Plaintiff that she would only work multiple positions temporarily, and that Troon North would soon have a full-time position for her in the pro shop.

24. In their October 25, 2019 phone call, Plaintiff informed Brookman that she was still interested in transferring and provided him the approximate date of her planned move to Arizona.

25. Brookman told Plaintiff to call him once she was moved in in Arizona so they could arrange a time for her to meet the staff and set her schedule.

26. Plaintiff did not inform Brookman of her pregnancy during this phone call.

27. Based on this conversation, Plaintiff understood that she had a position at Troon North and put in her two-week notice at the Kapalua location on October 30, 2019.

28. Based on the promise of transfer to Troon North, Plaintiff withdrew her son from school in Maui and moved to Arizona on November 15, 2019.

29. On November 18, 2019, Plaintiff called Brookman and scheduled a meeting with him on November 20, 2019.

30. During this phone call, Brookman again told Plaintiff that the purpose of the meeting was to set her schedule.

31. On November 20, 2019, Plaintiff met with Brookman at Troon North.

32. At this time, Plaintiff was five months pregnant.

33. Plaintiff's pregnancy was visibly apparent.

34. After meeting Plaintiff in person, Brookman informed her that he had no position available to her.

35. Plaintiff also met with Food and Beverage Manager, Robin Shepston, who also informed her that she had no open positions.

36. Plaintiff was not offered any position at Troon at any location, either full time or part time.

37. Upon information and belief, Troon Golf and Troon North form one integrated employer for purposes of the FMLA.

38. Troon Golf and Troon North have centralized control of labor relations.

39. Upon information and belief, Troon Golf and Troon North share an employee handbook.

40. Upon information and belief, Troon Golf and Troon North share employee training procedures, including shared orientation videos.

41. Troon Golf and Troon North also have interrelation between operations.

42. Upon information and belief, all Troon locations, including Troon Golf and Troon North, share one centralized website, troon.com.

43. Upon information and belief, all Troon employees, including Troon Golf and Troon North, share one email domain, @troon.com.

44. Upon information and belief, Troon Golf and Troon North share the same principal place of business in Scottsdale, Arizona.

## COUNT I
## INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. § 2615

45. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

46. It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA. 29 U.S.C. § 2615.

47. Defendant employs more than 50 employees and as such, is an employer for purposes of FMLA, subject to FMLA requirements.

48. Plaintiff was an "eligible employee" entitled to take leave pursuant to the

FMLA and/or would have been and "eligible employee" at the time of her anticipated FMLA leave.

49. Plaintiff was entitled to FMLA leave upon the anticipated April 2020 birth of her child.

50. Plaintiff gave sufficient notice of her need for FMLA leave.

51. Defendant terminated Plaintiff as a result of her anticipated need for FMLA leave, interfering with Plaintiff's rights under the FMLA.

52. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including termination of employment/failure to hire.

53. Plaintiff is entitled to recover damages against Defendant in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 18, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/*Amanda Kuklinski*
5050 North 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Kathryn Adolf

**VERIFICATION**

Plaintiff Kathryn Adolf declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Kathryn Adolf